```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS


CARLA MILLER,                      )
on behalf of B.L.M.,               )
                                   )
                 Plaintiff,        )
                                   )
vs.                                )    Case No. 09-4046-SAC
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of                    )
Social Security,                   )
                                   )
                 Defendant.        )
_____)
```

RECOMMENDATION AND REPORT

On June 23, 2009, defendant filed a motion to dismiss and/or for summary judgment (Doc. 11). Plaintiff filed a response on June 30, 2009 (Doc. 12). Thus, the matter has been fully briefed by the parties.

**I. Basis for motion and timeline of events**

Defendant has brought this motion alleging that plaintiff's complaint was not timely filed. According to 42 U.S.C. § 405(g), any individual, after a final decision of the Commissioner, may obtain judicial review of such decision by filing a "civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The regulation concerning judicial review is as follows:

> (a) *General*. A claimant may obtain judicial
> review of a decision by an administrative law
> judge if the Appeals Council has denied the
> claimant's request for review, or of a
> decision by the Appeals Council when that is
> the final decision of the Commissioner.
>
> .............
>
> (c) *Time for instituting civil action*. Any
> civil action described in paragraph (a) of
> this section must be instituted within 60
> days after the Appeals Council's notice of
> denial of request for review of the presiding
> officer's decision or notice of the decision
> by the Appeals Council is received by the
> individual, institution, or agency, except
> that this time may be extended by the Appeals
> Council upon a showing of good cause. For
> purposes of this section, the date of receipt
> of notice of denial of request for review of
> the administrative law judge's decision or
> notice of the decision by the Appeals Council
> shall be presumed to be 5 days after the date
> of such notice, unless there is a reasonable
> showing to the contrary.

20 C.F.R. § 422.210(a, c)(2009 at 1261).

The relevant facts and dates are not disputed by the parties. In order to determine if the complaint was timely filed, the Court will set forth a timeline of the key events in this case.

On June 27, 2008, the Appeals Council denied plaintiff's request for review of the administrative law judge's decision and mailed a notice of the decision to the plaintiff, Carla Miller, with a copy to her counsel, indicating that they had a right to commence a civil action within 60 days from the date of receipt of the notice (Doc. 11-2 at 20, 22-24). Plaintiff did not

request an extension of time to commence a civil action.

On August 22, 2008, counsel for plaintiff e-mailed to the U.S. District Court in Topeka, Kansas a complaint and other related pleadings seeking judicial review of the Commissioner's decision (Doc. 1-2, 1-3); however, the complaint was not filed with the Court at that time.

On April 8, 2009, plaintiff's counsel became aware that the complaint and other related pleadings were not filed with the Court (Doc. 1-2). Plaintiff's counsel then filed a complaint with the Court on April 9, 2009 (Doc. 1).

**II. Did the plaintiff timely file his complaint?**

If it is determined that plaintiff filed his complaint on August 22, 2008, then it is clear that it was filed within the 60 day period; on the other hand, if the complaint was not filed until April 9, 2009, then it clearly was not filed within the 60 day period. In order to determine if plaintiff timely filed his complaint, the Court will review the <u>Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases in the United States District Court for the District of Kansas</u>. Relevant portions of these administrative procedures are set forth below:

> II. ELECTRONIC FILING AND SERVICE OF DOCUMENTS
>
> A. FILING.
>
> 1. <u>In General</u>.

>       a. All motions, pleadings, applications, briefs, memoranda of law, transcripts of proceedings, administrative records, or other documents shall be filed on the System electronically except as otherwise provided by these administrative procedures, by local rules, or by court order.
>
>       b. E-mailing a document to the clerk's office or to the assigned judge does not constitute filing the document. A document shall not be considered filed until the System generates a notice of electronic filing.
>
>       2. <u>Complaints and Notices of Removal</u>.
>
>       a. **The clerk's office will accept complaints, notices of removal, and civil cover sheets sent by e-mail**, submitted on a flash drive or CD, sent by United States mail, or delivered in person to the clerk's office.
>           i. **If using e-mail**, a flash drive, or a CD, **the filing party must submit the complaint and cover sheet in .pdf format**. ...
>
>       b. **The e-mail addresses for submitting complaints by e-mail are**:
>
>       ksd_clerks_kansascity@ksd.uscourts.gov
>       **ksd_clerks_topeka@ksd.uscourts.gov**
>       ksd_clerks_wichita@ksd.uscourts.gov
>
>                   ............
>
>       c. **New cases are deemed filed the day the clerk's office receives the complaint** or notice of removal as long as the clerk's office receives any required filing fee as soon as possible.

(The administrative procedures guide can be found at

http://www.ksd.circ10.dcn/, under CM/ECF, under Rules, and then

under Civil Administrative Procedures; emphasis in bold added).

According to the Civil Administrative Procedures, for filing in general, e-mailing a document to the clerk's office does not constitute filing the document; furthermore, a document is not considered filed until the system generates a notice of electronic filing.  § II(A)(1)(b).  However, under the specific subsection for the filing of complaints, it indicates that complaints can be filed by e-mail if submitted to one of the three e-mail addresses listed, and that new cases are deemed filed the day the clerk's office receives the complaint. § II(A)(2)(a,b,c).[1]  The e-mail sent by plaintiff's counsel on August 22, 2008 at 5:14 p.m. was sent to the correct e-mail address of the Court in Topeka, Kansas, and contained a complaint and other documents in PDF form, as required by the Civil Administrative Procedures (Doc. 1-3).  Thus, on August 22, 2008, plaintiff's counsel fully complied with the Civil Administrative Procedures in the District of Kansas for filing a complaint with the Court on that date.  A review of the e-mail from plaintiff's counsel indicates that it should have been received by this Court on August 22, 2008.  According to the Civil Administrative

---

[1] § II(A)(2)(c) further indicates that the case is deemed filed the day the clerk's office receives the complaint as long as the clerk's office receives any required filing fee as soon as possible.  In this case, the e-mail from plaintiff's counsel dated on August 22, 2008 indicates that an IFP (in forma pauperis) pleading was also included for filing that day.

Procedures, if it was received on August 22, 2008, it would be deemed filed on August 22, 2008.

For reasons unknown to the Court or counsel, the Court has no record of the complaint and related pleadings that the plaintiff properly submitted to the Court on August 22, 2008. However, given the fact that plaintiff's counsel had fully complied with the Civil Administrative Procedures of this Court in submitting the complaint on August 22, 2008, the Court will deem plaintiff's complaint to have been filed on August 22, 2008. To rule otherwise, in light of the fact that plaintiff's counsel had fully complied with the Civil Administrative Procedures of this Court, would result in a manifest miscarriage of justice. Therefore, the Court finds that plaintiff has filed her complaint within the 60 days required by statute.[2]

IT IS THEREFORE RECOMMENDED that defendant's motion to dismiss or for summary judgment (Doc. 11) should be denied.

Copies of this recommendation and report shall be provided

---

[2] Although counsel fully complied with the Civil Administrative Procedures of this Court in seeking to file plaintiff's complaint on August 22, 2008, the Court is quite troubled by the fact that plaintiff's counsel did not become aware until April 8, 2009, over 7 months later, that plaintiff's complaint was not actually filed on or about August 22, 2008. Counsel had also submitted an IFP motion to waive the filing fee; until that motion was ruled on, and the filing fee either waived or paid, the case would not proceed further. Counsel, when filing cases with the Court by e-mail, should make a timely and affirmative effort to confirm that the documents sent by e-mail were received and actually filed with the Court.

to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on August 18, 2009.

>                s/Gerald B. Cohn
>                GERALD B. COHN
>                United States Magistrate Judge