IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA MILLER, on behalf of BLM,

                    Plaintiff,

vs.                                          Civil Case No. 09-4046-SAC

MICHAEL J. ASTRUE,
COMMISSIONER
OF SOCIAL SECURITY,

                    Defendant.


MEMORANDUM AND ORDER

        This social security case comes before the court on the defendant's

timely objections to the Magistrate Judge's report and recommendations

filed August 18, 2009. That report denied the defendant's motion to dismiss

and/or for summary judgment and found plaintiff's complaint to have been

timely filed. The court reviews the matter de novo. *Summers v. State of

Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). *See*

Fed.R.Civ. Pro. 72(b).

        To withstand a motion to dismiss, a complaint must contain enough

allegations of fact "to state a claim to relief that is plausible on its face."

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167

L.Ed.2d 929 (2007).The allegations must be enough that, if assumed to be

true, the plaintiff plausibly and not just speculatively has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir.2008). In evaluating a complaint tested by a motion to dismiss, the court may consider the complaint and any documents attached to it as exhibits. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir.1991). Two documents are attached to this complaint as exhibits: 1) the affidavit of counsel, detailing the date, time and manner in which he sent the plaintiff's complaint to the Clerk's office in Topeka, Kansas for filing; and 2) a copy of the e-mail evidencing that he sent the plaintiff's complaint and related documents to the Clerk's office in Topeka, Kansas, which reflects the same date and time as counsel referenced in his affidavit. The court accepts the statements made in counsel's affidavit because no evidence to the contrary has been submitted and because it is not appropriate to make credibility determinations in summary judgment proceedings or in evaluating motions to dismiss. *See Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1216 (10th Cir. 2003); *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007).

The facts are undisputed. On June 27, 2008, the Appeals Council denied plaintiff's request for review of the administrative law judge's decision and mailed a notice of its decision to the plaintiff, as well as to her

2

counsel, stating their right to commence a civil action within 60 days. *See* 42 U.S.C.A. § 405(g); 20 CFR  § 422.210(a, c) (2009 at 1261). On August 22, 2008, within 60 days of mailing or receipt of the notice, plaintiff's counsel prepared a complaint seeking judicial review of the Commissioner's decision. He sent an e-mail it to the Clerk of the District Court in Topeka Kansas that day, using its correct e-mail address, stating:

> Attached please find the appropriate documents for filing a new civil action in your Court. Please notify me if you are having any difficulty opening these documents.

Dk. 1, Exh. 2. The referenced documents (the designation of place of trial, civil cover sheet, and in forma pauperis application) were attached to that e-mail.

Despite counsel's e-mail, the complaint was not docketed or filed with the Court on August 22, 2008. When counsel became aware on April 8, 2009 that the complaint had not been entered into the electronic filing system, he contacted the clerk's office and learned that the clerk's office had no record of having received his e-mail which had attached the complaint and associated documents. The clerk's office confirmed,however, that he had used the correct e-mail address. Counsel

3

then filed the present complaint on April 9, 2009, which the defendant asserts was untimely filed.

Defendant's objections to the Magistrate Judge's report and recommendations are scant. Citing the Clerk's Civil Administrative Procedures, the defendant summarily claims that the court erred because: 1) e-mailing a document to the clerk's office does not constitute filing that document; 2) a document is not considered filed until the system generates a notice of electronic filing; and 3) new cases are filed when received and the clerk's office did not receive the plaintiff's complaint until April 9, 2009.

The general rule established by the Civil Administrative Guidelines (CAG) requires documents to be filed on CM-ECF and provides that "e-mailing a document to the clerk's office does not constitute filing the document." CAG, § II A 1, captioned "In General." The following section, however, unambiguously states a conflicting and more specific rule applicable to complaints, in stating: "the clerk's office will accept complaints...sent by e-mail," and that such complaints  "are deemed filed the day the clerk's office receives the complaint..." CAG, § II A 2, captioned "Complaints and Notices of Removal." The latter section underscores the complaint exception to the general rule in providing that "new complaints...

4

may be sent to the [stated] e-mail addresses," but if prohibited documents are sent to the clerk's e-mail, the clerks's office will call the sender or respond with an e-mail "to explain that the document must be filed in the System electronically." CAG, § II A 2b.

It is a common principle of statutory construction that a specific provision controls over a more general one, to the extent the two conflict. *See In re Estate of Wolf*, 279 Kan. 718, 112 P.3d 94, 98 (2005); *See Alderfer v. Board of Trustees of The Edwards County Hosp. and Healthcare Center,* 261 Fed.Appx. 147, 151-152, 2008 WL 215278, 4 (10th Cir. 2008). The court applies that principle to the Civil Administrative Guidelines as well, thus the administrative guideline specific to complaints controls over the more general guideline applicable to other "documents." *See also* D.Kan.R. 5.4.1 (distinguishing between "the filing of the initial papers, including the complaint, and other documents, for purposes of electronic filing.) Accordingly, the court finds that e-mailing a complaint to the clerk's office is the proper method of filing a complaint, and that a complaint, unlike most other documents, is filed upon receipt even without notice of electronic filing. *Compare* D.Kan.R. 5.4.3 (providing that for CM-ECF documents, electronic transmission of a document to the electronic

5

filing system in accordance with the court's rules, "together with the transmission of a Notice of Electronic Filing" from the court constitutes filing of the document for all purposes.)

New cases, including complaints, "are deemed filed the day the clerk's office receives them." CAG, § II A 2. As defendant notes, the clerk's office did not actually receive the plaintiff's complaint until April of 2009. The plaintiff contends that his sending the complaint and associated documents by e-mail in accordance with the rules of this court on August 22, 2008, should be deemed constructive receipt by the clerk's office that same date. The court agrees. The plaintiff properly invokes D.Kan.R. 5.4.11, which states: "A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court." The court reasonably infers that a technical failure of some sort occurred from the fact that plaintiff's counsel properly sent the complaint to the clerk's office, but the clerk's office has no record of having received it. The appropriate relief here, as the Magistrate Judge found, is to deem the plaintiff's complaint to have been properly and timely filed on August 22, 2008. The court shares the Magistrate Judge's concern that it took counsel over seven months to learn of this failure, and cautions counsel to make

6

timely and diligent efforts to prosecute or otherwise resolve all cases.

IT IS THEREFORE ORDERED that the defendant's objections to the Magistrate Judge's report and recommendations are overruled, and the report and recommendation filed on August 18, 2009, is accepted in its entirety.

Dated this 10th day of September, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge